IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:06-CR-169-WKW |
| | ) | |
| CLIFF JOHNSON | ) | |

PLEA AGREEMENT

DEFENSE COUNSEL:        James R. Cooper

ASSISTANT U.S. ATTORNEY:    A. Clark Morris

COUNT(S) PLEADING PURSUANT TO PLEA AGREEMENT:

Count 1:  21 U.S.C. § 846

Conspiracy to Possess with Intent to Distribute and Distribute a Controlled
   Substance

Counts 12 &13: 21 U.S.C. § 841(a)(1)

Distribution of Controlled Substance

PENALTIES BY COUNT - MAXIMUM PENALTY:

Counts 1 & 13: 21 U.S.C. § 846 and 841(a)(1)
(Conspiracy to Possess with the Intent to Distribute a Controlled Substance)
(Distribution of a Controlled Substance)

   A term of imprisonment which may not be less than 10 years nor more than life, and fine not more than $4,000,000, or both fine and imprisonment; a term of supervised release of not less than 5 years; and an assessment fee of $100.00.

Count 12: 21 U.S.C. § 841(a)(1)
(Distribution of a Controlled Substance)

   A term of imprisonment which may not be more than 20 years, and fine not more than $1,000,000, or both fine and imprisonment; a term of supervised release of not less than 3

1

years; and an assessment fee of $100.00.

## ELEMENTS OF THE OFFENSE(S):

### Count 1: 21 U.S.C. § 846:

1. That two or more persons in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the indictment, to wit: to possess with intent to distribute and distribute a controlled substance; and

2. That the defendant, knowing the unlawful purpose of the plan, willfully joined in it.

### Counts 12-13: 21 U.S.C. § 841(a)(1):

1. The defendant distributed or transferred possession of a controlled substance

2. The defendant distributed the controlled substance knowingly

***********************************************************************************

A. Clark Morris, Assistant United States Attorney, and James R. Cooper, attorney for the defendant, pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment herein and a Plea Agreement has been reached by said parties.

## GOVERNMENT'S PROVISIONS

1. Upon entering a plea of guilty by the defendant to the offenses charged in the Indictment, the attorney for the Government will do the following:

a. Agree that a 2-level reduction in the applicable offense level pursuant to U.S.S.G. § 3E1.1(a) for the defendant's acceptance of responsibility is appropriate, so long as the defendant does not obstruct justice or otherwise fail to accept responsibility for the offense

2

conduct. Should the Government find the defendant assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and this Court to allocate their resources efficiently, the Government will move at sentencing for a further reduction of one-level, pursuant to U.S.S.G. § 3E1.1(b). Determination of whether the defendant met the defendant's obligations to qualify for the reduction pursuant to U.S.S.G. § 3E1.1 is at the sole discretion of the United States.

    b.    Should the defendant complete the defendant's obligations contained within the Cooperation Agreement as set forth herein, the Government will move at sentencing for a downward departure pursuant to U.S.S.G. § 5K1.1 and Title 18, United States Code, Section 3553(e) to reflect the defendant's substantial assistance. In that motion, the Government will recommend a downward departure of at one level. Determination of whether the defendant has met the defendant's obligations to qualify for the reduction pursuant to U.S.S.G. § 5K1.1 and Title 18, United States Code, Section 3553(e) is at the sole discretion of the United States, and, at the sole discretion of the United States, the recommended departure may be more than the above-mentioned one level if the defendant's substantial assistance reflects and/or merits such further departure.

    c.    Agrees to recommend the low-end of the applicable sentencing guideline range.

    d.    Agrees to move to dismiss Counts 15-32 against the defendant.

2. The United States reserves the right to inform the Court and the Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

## DEFENDANT'S PROVISIONS

3. The defendant agrees to the following:

a. To plead guilty to the Indictment.

b. Not to commit any other federal, state, or local offense while awaiting sentencing, whether that offense is charged or chargeable or not. Determination of whether Defendant's conduct is a violation of this provision is at the complete discretion of the Government.

c. While the defendant understands that the United States Sentencing Guidelines are advisory, the defendant agrees to be sentenced in accordance with the United States Sentencing Guidelines.

d. To agree that facts that determine his offense level and sentence will be found by the Court at sentencing by a preponderance of the evidence and that the Court may consider any reliable evidence, including hearsay.

## COOPERATION AGREEMENT

e. The defendant agrees to cooperate fully and testify truthfully against any and all persons as to whom the defendant may have knowledge at the grand jury, trial, or whenever called upon to do so. The defendant understands that this agreement requires the defendant to be truthful and to testify truthfully whenever called upon. The defendant agrees to be available for the review of documents and other materials and for interviews by law enforcement officers and attorneys for the Government upon reasonable request and to fully and truthfully respond to all questions asked of the defendant by law enforcement officers and attorneys for the Government.

The defendant agrees to fully and truthfully disclose to the Government everything the defendant knows about any and all documents and materials in the defendant's possession that relate to the violations charged in this Indictment and any other criminal violations in the Middle District of Alabama and elsewhere. The defendant agrees, if desired by the Government, to travel with agents outside the Middle District of Alabama to identify others involved in Defendant's narcotics organization, locations and/or residences of others involved, or any other information related to others involved in this narcotics trafficking activity. The defendant agrees to submit to a polygraph examination conducted by the Government if requested to do so.

Provided that the defendant satisfies the terms of this Plea Agreement, any information that the defendant truthfully discloses to the Government during the course of the defendant's cooperation, concerning related offenses, will not be used against the defendant, directly or indirectly. The defendant understands that this agreement does not bar the defendant's prosecution for capital felonies, perjury, false statements, and/or obstruction of justice.

If the defendant has failed or should fail in any way to fulfill completely the defendant's obligations under this agreement, then the Government will be released from its commitment to honor all of its obligations to the defendant, without the defendant being allowed to withdraw the guilty plea. Thus, if at any time the defendant should knowingly and willfully withhold evidence from, or is found to have provided false information to, the Government investigators or attorneys prior to or during the defendant's testimony before grand juries or in trials, or fails to return to the Middle District of Alabama for any scheduled court appearance or any scheduled meeting with law enforcement agents in the Middle District of Alabama, then the Government will be free: (1) to prosecute the defendant for perjury, false declaration, false

statement, and/or obstruction of justice (18 U.S.C. Sections 1621, 1623, 1001, 1503); (2) to prosecute the defendant for all violations of federal criminal law which the defendant has committed; (3) to use against the defendant in all of those prosecutions and sentencing the information and documents that the defendant has disclosed or furnished to the Government during the course of the defendant's cooperation; (4) to recommend a maximum sentence; and, (5) to seek forfeiture of any and all forfeitable properties of the defendant. The parties agree to submit to the court, to be decided by a preponderance of the evidence standard, the question of whether defendant has breached this agreement.

## FACTUAL BASIS

4. The defendant admits the allegations charged in the Indictment, and understands that the nature of the charge to which the plea is offered involves proof as to the charged offenses. More specifically, the defendant admits the following:

From in or about January 2002 until the filing of this indictment, in Chilton and Autauga Counties in the Middle District of Alabama, the Northern District of Alabama, the Eastern District of Michigan, the Central District of California, the Southern District of Texas, the District of South Carolina and the Western District of Louisiana and elsewhere, the defendants, CECILLO PACACHE; DEMETRIOUS TERRELL PEGUES; CLIFF JOHNSON, TERRENCE ANTWAN JEROME NEWKIRK, a.k.a. Rock and Rocky; CHARLES DANIEL CRAIG; KOWOSKY TYWAN CHRISTIAN; CHRISTOPHER IMAN ULMER; DEMETRIA MILLS; DARRYL LAMONT BROWN; DARNELL MONTREZE BROWN; RODRIGEZ CHILDRES; ROGER WALTON; JAMES EARL HUBBARD; JAMES CALVIN TALLEY, a.k.a. Noosie; WILMONT TIMOTHY BARNETT; WILLIAM EARL ULMER, a.k.a. Michael Ulmer; FNU LNU;

6

and FNU LNU, a.k.a. Ethel, did knowingly and intentionally conspire, combine and agree with each other and with other persons both known and unknown to the Grand Jury to possess with intent to distribute and distribute 50 grams or more of a mixture and substance containing a detectable amount of cocaine base, more commonly referred to as "crack cocaine," five (5) kilograms or more of mixture and substance containing a detectable amount of cocaine hydrochloride, more commonly referred to as "cocaine powder," both Schedule II Controlled Substances and marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1). All in violation of Title 21, United States Code, Section 846.

On or about the 1st day of April, 2005, in Chilton County, within the Middle District of Alabama, the defendant, CLIFF JOHNSON, did knowingly and intentionally distribute approximately 55.1 grams of a mixture and substance containing a detectable amount of cocaine hydrochloride, more commonly referred to as "cocaine powder," a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

On or about the 23rd day of June, 2005, in Chilton County, within the Middle District of Alabama, the defendant, CLIFF JOHNSON, did knowingly and intentionally distribute approximately 69.7 grams of a mixture and substance containing a detectable amount of cocaine base, more commonly referred to as "crack cocaine," a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

### DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

5. Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. Defendant specifically waives the right

to appeal the sentence on the grounds that the sentencing guidelines are in any respect unconstitutional, or that any fact found by the Court for sentencing was not alleged in the Indictment, admitted by the Defendant, found by a jury, or found beyond a reasonable doubt. Defendant further expressly waives the right to appeal the conviction and sentence on any other ground and waives the right to attack the sentence in any post-conviction proceeding. This waiver does not include the right to appeal on the grounds of ineffective assistance of counsel and prosecutorial misconduct, or to collaterally attack the sentence imposed on those grounds. But, other than those grounds, the defendant expressly waives the right to appeal or collaterally attack his conviction or sentence on any other ground.

Notwithstanding the above, the defendant reserves the right to file a direct appeal of an upward departure from the applicable Guidelines range which the sentencing court specifies at the time of sentencing as having been imposed pursuant to either U.S.S.G. § 4A1.3 (from criminal history category) or § 5K2.O (from offense level). The defendant understands and agrees that this waiver as to all other Guidelines findings would still be in force and effect notwithstanding the appealability of an upward departure. Defendant knowingly and voluntarily waives any rights defendant has under federal law to a jury determination of any fact affecting Defendant's sentence.

In return for the above waiver by the defendant, the Government does not waive its right to appeal the sentence imposed in the instant case. The Government does not waive its right to appeal any order dismissing the Indictment, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree that nothing in this agreement shall affect the Government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals the defendant's sentence

pursuant to 18 U.S.C. § 3742(b), the defendant is released from this waiver as to any issue the defendant may raise pursuant to 18 U.S.C. § 3742(a).

<u>DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT</u>

6. The defendant, before entering a plea of guilty to the indictment, as provided for herein by said Plea Agreement, advises the Court that:

   a. The discussions between the attorney for the Government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

   b. The defendant further understands that, pursuant to 18 U.S.C. § 3013, said $300.00 assessment fee is to be paid by the defendant on the date of sentencing and that, if a fine is imposed by the Court at sentencing, the defendant shall meet with a member of the Financial Litigation Section of the United States Attorney's Office on the day of sentencing and complete a written personal financial statement setting forth the defendant's assets and liabilities as of the date of the offense. The defendant will make an honest, good faith effort to pay said fine as directed by the Financial Litigation Section of the United States Attorney's Office. The defendant further understands that by completing the financial statement, the defendant is representing that it is true and accurate to the best of the defendant's information, knowledge, and belief.

   c. The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

   d. The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the

9

assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

e. The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

f. The Defendant further understands and advises the Court that the Plea Agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the Government and the attorney for the defendant, all conducted with the defendant's authorization, knowledge, and consent.

g. The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

h. The defendant further understands that the Government can only make a recommendation, which is not binding upon the Court. However, if the Court does not accept the plea agreement, the defendant may withdraw his guilty plea, if he so chooses.

i. The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crime charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

j. The defendant further understands that if the defendant has failed or should fail in any way to fulfill completely the defendant's obligations under this agreement, including, but not limited to, committing any new state or federal criminal offense while awaiting sentencing, then the Government will be released from its commitment to honor all of its obligations to the defendant without the defendant being able to withdraw his guilty plea. The determination of whether the defendant has breached this plea agreement by failing to fulfill the defendant's obligations herein, will be at the sole discretion of the Government.

k. The defendant is satisfied that defense counsel has been competent and effective in representing defendant.

5. The undersigned attorneys for the Government and for the defendant represent to the court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, as Amended. The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charge to which the foregoing

described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the defendant; and that if the defendant pleads guilty, there will not be a further trial of any kind. Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

6. The defendant understands that the U.S. Probation Office will prepare a presentence investigation report for the Court. The Probation Officer will consider the defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history. The offense level or criminal history category, as calculated by the Probation Officer and determined by the court, may differ from that projected by defendant's counsel or the U.S. Attorney.

This 16th day of October, 2007.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

A. Clark Morris
Assistant United States Attorney

12

_____
Louis V. Franklin, Sr.
Chief, Criminal Division

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL.

_____
Cliff Johnson
Defendant

10/16/07
Date

_____
James R. Cooper
Attorney for the Defendant

10/16/07
Date