IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:06-CR-169-WKW |
| | ) | [WO] |
| CLIFF JOHNSON | ) | |

### ORDER GRANTING IN PART MOTION FOR SENTENCE REDUCTION AS TO THE TERM OF SUPERVISED RELEASE ON COUNT THIRTEEN UNDER 18 U.S.C. § 3582(c)(1)(B) AND § 404(b) OF THE FIRST STEP ACT

Before the court is Defendant Cliff Johnson's motion for retroactive application of the Fair Sentencing Act of 2010 and a reduction of his sentence under the First Step Act. (Doc. # 906.) Mr. Johnson brings his motion pursuant to § 404 of the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194 (2018). For the reasons to follow, while Mr. Johnson's motion for a reduction in his term of imprisonment is moot based on his release from custody, he is eligible for relief under the First Step Act as to his term of supervised release on Count Thirteen, which will be reduced from 5 years to 4 years. This reduction, however, does not affect the concurrent 5-year term of supervised release imposed on Count One. Hence, Mr. Johnson remains subject to a 5-year term of supervised release.

### I. BACKGROUND

In July 2006, a federal grand jury indicted Mr. Johnson on 16 charges. Two are relevant here. Count One charged that beginning in January 2002 and concluding

on July 11, 2006, Mr. Johnson conspired to distribute and to possess with intent to distribute more than 50 grams of cocaine base (also known as "crack cocaine") and more than 500 kilograms of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  Count Thirteen charged Mr. Johnson with distributing and possessing with intent to distribute 69.7 grams of cocaine base on June 23, 2005, in violation of 21 U.S.C. § 841(a)(1).   (Doc. # 1-1 (Indictment).)

At the time of Mr. Johnson's offenses, Count One and Count Thirteen each carried a statutory sentencing range of 10 years to life and a supervised release period of not less than 5 years.  *See* 21 U.S.C. § 841(b)(1)(A)(iii); *see also* § 846 ("Any person who . . . conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the . . . conspiracy."); (Doc. # 571 (Presentence Investigation Report ("PSR"), at 1).)

Mr. Johnson entered into a written plea agreement with the Government pursuant to Rule 11(c)(1)(A) and (C) of the Federal Rules of Criminal Procedure. (Doc. # 386 (Plea Agreement).)  The parties agreed that Mr. Johnson would plead guilty to Counts One, Twelve, and Thirteen and that the Government would dismiss the remaining counts.[1]

---

[1] Count Thirteen charged Mr. Johnson with distribution of 55.1 grams of cocaine powder.

The PSR attributed 105.5 kilograms of cocaine hydrochloride, an additional 55.1 grams of cocaine hydrochloride, and 69.7 grams of cocaine base to Mr. Johnson for purposes of the Sentencing Guidelines calculations. These drug amounts, when converted to their marijuana equivalencies, resulted in a base offense level of 36. Mr. Johnson's base offense level increased by 4 levels based on his leadership role in the criminal activity. He also received a two-level firearm enhancement. After a 3-level reduction for acceptance of responsibility, Mr. Johnson's total offense level was 39. (Doc. # 571, at 9.)

At the sentencing hearing held on January 22, 2008, the sentencing court accepted the plea agreement and adopted the findings in the PSR. A total offense level of 39 combined with Mr. Johnson's criminal history category of I resulted in a guideline range of 262 months to 327 months. The court gave Mr. Johnson a downward departure, which it calculated by lowering the total offense level to 38, resulting in a guideline range of 235 to 327 months. The court sentenced Mr. Johnson to 235 months' imprisonment. (Doc. # 823, at 62—67 (Sentencing Tr.); (Doc. # 541 (Criminal J.).) Mr. Johnson also was sentenced to a 5-year term of supervised release, which consisted of 5 years on Counts One and Thirteen and 3 years on Count Twelve, with all terms to run concurrently. (Doc. # 541.)

In 2015, Mr. Johnson received a sentence reduction under Amendment 782 to the Sentencing Guidelines. (Doc. # 541.) Promulgated in 2014, Amendment 782

provided a two-level reduction in the base offense levels for most drug quantities listed in the Drug Quantity Table in U.S.S.G. § 2D1.1(c). U.S.S.G. Supp. App. C, Amend. 782 (2014). It was made retroactive by Amendment 788 to the Sentencing Guidelines. U.S.S.G. Supp. App. C., Amend. 788 (2014). Mr. Johnson's base offense level decreased by two levels, resulting in an amended total offense level of 37. Mr. Johnson's sentence of imprisonment was reduced from 235 months to 188 months. (Docs. # 825–26.)

In August 2019, the Bureau of Prisons placed Mr. Johnson on home confinement under the Elderly Care Act.[2] (Doc. # 906, at 8; *see also* Doc. # 906-3.) On June 26, 2020, Mr. Johnson was released from home confinement to begin his period of supervised release. *See* https://www.bop.gov/inmateloc/ (last visited Dec. 1, 2020).

After the First Step Act Screening Panel, which was commissioned by the judges of this court, could not reach a unanimous decision as to Mr. Johnson's eligibility for relief, the court appointed counsel for Mr. Johnson and ordered briefing. (Doc. # 901.) Mr. Johnson filed his brief on May 22, 2020, and the United States filed its brief on June 14, 2020. (*See* Docs. # 906, 912.)

---

[2] Mr. Johnson is 76 years old.

## II.  DISCUSSION

Mr. Johnson argues that he is eligible for relief under § 404(a) of the First Step Act on Counts One and Thirteen.  He requests the court to reduce his sentence to "less than 180 months and no more than 4 years of supervised release." (Doc. # 906.) While Mr. Johnson's release moots his request for a reduction in the term of his imprisonment, it does not moot his request for a reduction in the term of his supervised release.  *See United States v. Duckworth*, 618 F. App'x 631, 632 (11th Cir. 2015) (noting that the defendant's release from prison did not moot his appeal because the defendant was "serving his term of supervised release, 'which [was] part of his sentence and involve[d] some restrictions upon his liberty.'" (quoting *Dawson v. Scott*, 50 F.3d 884, 886 n.2 (11th Cir. 1995)).  The Government agrees only that Mr. Johnson is eligible for a reduction in the term of his supervised release under Count Thirteen; however, the Government contends that Mr. Johnson still would be subject to Count One's 5-year term of supervised release.  Ultimately, the Government's position prevails.

**A.** **General Statutory Principles**

"A district court lacks the inherent authority to modify a term of imprisonment." *United States v. Jones*, 962 F.3d 1290, 1297 (11th Cir. 2020) (citation omitted).  However, under 18 U.S.C. § 3582(c)(1)(B), a district court "may modify an imposed term of imprisonment to the extent otherwise expressly

5

permitted by statute . . . ." § 3582(c)(1)(B).  Here, the First Step Act expressly permits district courts "to reduce the sentences of crack-cocaine offenders in accordance with the amended penalties in the Fair Sentencing Act" of 2010.[3]  *Jones*, 962 F.3d at 1297.

Retroactive application of the Fair Sentencing Act through the First Step Act is available to defendants who were convicted of a "covered offense."  Section 404(a) of the First Step Act defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010."  First Step Act § 404(a).  In *Jones*, which was decided just days after the parties completed their briefing, the Eleventh Circuit explained what it takes to be eligible for a sentence reduction under § 404: "To be eligible for a reduction, the district court must have 'imposed a sentence' on the movant for a 'covered offense.'"  962 F.3d at 1298 (citing First Step Act § 404(a)–(b)).  "A movant's offense is a covered offense if section two or three of the Fair Sentencing Act modified its statutory penalties."  *Id.*  The Eleventh Circuit continued:

> To determine the offense for which the district court imposed a sentence, district courts must consult the record, including the movant's

---

[3] The Fair Sentencing Act amended the statutory penalties in 21 U.S.C. § 841(b)(1) in order to reduce the sentencing disparity between crack and powder cocaine. *See Dorsey v. United States*, 567 U.S. 260, 268–69 (2012) (detailing the history that led to enactment of the Fair Sentencing Act); *Dell v. United States*, 710 F.3d 1267, 1271 (11th Cir. 2013) (acknowledging the crack versus powder sentencing disparity).

6

> charging document, the jury verdict or guilty plea, the sentencing record, and the final judgment. From these sources, the district court must determine whether the movant's offense triggered the higher penalties in section 841(b)(1)(A)(iii) or (B)(iii). If so, the movant committed a covered offense.

*Id.* at 1300–01. The *Jones* holding—that a defendant has a "covered offense" if his "offense triggered the higher penalties in section 841(b)(1)(A)(iii) or (B)(iii)"—does not permit the district court to consider the "actual quantity of crack cocaine involved in [the movant's] violation." *Id.* at 1301. The Eleventh Circuit explained: "The actual drug-quantity involved in the movant's offense is irrelevant as far as the element and the *offense* are concerned. The actual quantity is only the *means* of satisfying the drug-quantity element. That quantity constitutes relevant conduct under the Sentencing Guidelines, but it does not define the offense." *Id.* (internal citations omitted); *see also United States v. Ingram*, No. 19-11257, 2020 WL 6059658, at *2 (11th Cir. Oct. 14, 2020) ("The actual quantity of crack cocaine involved in a movant's offense beyond the amount triggering the statutory penalty is not pertinent to determining whether a movant has a 'covered offense.'" (citing *Jones*, 962 F.3d at 1301–02)).

Relevant here, § 2 of the Fair Sentencing Act lowered the statutory penalties for certain crack-cocaine offenses by increasing the threshold drug amounts.[4]

---

[4] Section 3 of the Fair Sentencing Act, which is not relevant here, modified the penalties for simple possession of crack cocaine under 21 U.S.C. § 844(a).

Specifically, § 2(a) of the Fair Sentencing Act "increased the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5–year minimum and from 50 grams to 280 grams in respect to the 10–year minimum . . . ." *Dorsey v. United States*, 567 U.S. 260, 269 (2012).

A defendant who satisfies the "covered offense" requirement, however, is not automatically entitled to a reduction of his sentence. *Jones*, 962 F.3d at 1303. He also must meet § 404(b)'s "as if" qualifier: "Any reduction must be "'*as if* sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed.'" *Id.* (quoting First Step Act § 404(b)) (emphasis added); *see also United States v. Denson*, 963 F.3d 1080, 1089 (11th Cir. 2020) (The district court "is permitted to reduce a defendant's sentence only on a 'covered offense' and only 'as if' sections 2 and 3 of the Fair Sentencing Act were in effect when he committed the covered offense." (emphasis added)).

If both the foregoing requirements are met—*i.e.*, the "covered offense" and "as if" qualifiers— "[t]he First Step Act grants the district court discretion to reduce a sentence but does not require a reduction." *Denson*, 963 F.3d at 1086–87; *see also* First Step Act § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence."). The First Step Act "leaves the choice of whether to resentence and to what extent to the district court's sound discretion." *Denson*, 963 F.3d at 1087. In exercising its discretion, the district court "may consider all the

relevant factors, including the statutory sentencing factors, 18 U.S.C. § 3553(a)." *Jones*, 962 F.3d at 1304. Additionally, under the First Step Act, a defendant seeking a sentence reduction is not entitled to a hearing. *Denson*, 963 F.3d at 1086.

**B.     Mr. Johnson's Motion for a Sentence Reduction**

   **1.     *Count Thirteen***

Mr. Johnson is eligible for a reduction in his term of supervised release on Count Thirteen. The parties agree, and they are correct, that Mr. Johnson's cocaine-base offense in Count Thirteen is a "covered offense" under the First Step Act; therefore, he is eligible for a reduction in the term of supervised release.

Under Count Thirteen, Mr. Johnson was charged and convicted on his guilty plea for a drug-distribution offense involving more than 50 grams or more of cocaine base, in violation of § 841(a)(1). Because Mr. Johnson committed this offense and was sentenced prior to August 3, 2010 (the effective date of the Fair Sentencing Act),[5] his conviction on Count Thirteen triggered the higher penalties in § 841(b)(1)(A)(iii) for offenses involving 50 grams or more of cocaine base. He, thus, was subject to a mandatory minimum term of supervised release of 5 years. Because Mr. Johnson was sentenced for a § 841(a) violation involving an offense

---

[5] In *Dorsey*, the Supreme Court held that the Fair Sentencing Act's reduced statutory penalties applied to a defendant who committed an offense prior to August 3, 2010, but who was sentenced after the Fair Sentencing Act's effective date. *See* 567 U.S. at 273. Because Mr. Johnson was sentenced prior to August 3, 2010, his statutory penalties were unaffected by *Dorsey*'s holding. In other words, the reductions under the Fair Sentencing Act did not apply to Mr. Johnson until the First Step Act made those reductions retroactive.

for which the Fair Sentencing Act modified the statutory penalty for supervised release, his offense in Count Thirteen qualifies as a "covered offense."  Moreover, had § 2(a) of the Fair Sentencing Act been in effect at the time of sentencing, Mr. Johnson's statutory penalties would have been governed by § 841(b)(1)(B)(iii), which provides the penalties for a § 841(a) violation involving 28 grams but less than 280 grams of cocaine base.  Under § 841(b)(1)(B)(iii), as amended by the Fair Sentencing Act, the mandatory minimum term of supervised release decreased from 5 years to 4 years.  Hence, the court has discretion to reduce Mr. Johnson's term of supervised release.[6]

Based upon careful consideration, the § 3553(a) factors warrant a reduction of the term of supervised release on Count Thirteen.  The court has reviewed carefully the PSR, the sentencing record, and Mr. Johnson's records from the Bureau of Prisons.  It also has considered the sentencing factors in § 3553(a)—including the nature and circumstances of the offense in Count Thirteen, the aims of deterrence and punishment, and Mr. Johnson's criminal history, age, post-sentencing conduct, and rehabilitative efforts.  *See* § 3553(a); *see also Pepper v. United States*, 562 U.S.

---

[6] Additionally, § 404(c)'s two express limitations do not preclude consideration of Mr. Johnson's present motion.  First, Mr. Johnson's sentence has not been "previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010."  First Step Act § 404(c).  Second, Mr. Johnson has not previously filed a motion for a sentence reduction under § 404 that "was, after the date of enactment of this Act, denied after a complete review of the motion on the merits."  *Id.*

476, 491 (2011) ("[E]vidence of postsentencing rehabilitation may be highly relevant to several of the § 3553(a) factors that Congress has expressly instructed district courts to consider at sentencing."). The balancing of the § 3553(a) factors warrants a reduction in the term of Mr. Johnson's supervised release from 5 to 4 years on Count Thirteen.

### 2. *Count One*

The outcome is different for Count One. Count One is a multi-drug conspiracy offense, charging Mr. Johnson with conspiracy to distribute 50 grams or more of crack cocaine and 5 kilograms or more of powder cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. As discussed above, the Fair Sentencing Act reduced the statutory penalty for offenses involving the distribution of 50 grams or more of crack cocaine and, thus, modified the penalty range for the crack-cocaine component of Mr. Johnson's offense.

At least one circuit has held that a defendant had an eligible "covered offense" within the meaning of the First Step Act where he was sentenced for a "multi-object conspiracy" offense involving a conspiracy to distribute 5 kilograms of powder cocaine and 50 grams of crack cocaine. *See United States v. Gravatt*, 953 F.3d 258, 2664 (4th Cir. 2020). The court need not decide, though, whether Mr. Johnson's hybrid-drug conviction on Count One is a covered offense. Even if Count One constitutes a covered offense, thus establishing Mr. Johnson's eligibility for a

sentence reduction, eligibility does not automatically authorize the district court to grant a reduction. *See Jones*, 962 F.3d at 1303. Mr. Johnson still must satisfy § 404(b)'s "as if" qualifier: "Any reduction must be '*as if* sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed.'" *Jones*, 962 F.3d at 1303 (quoting First Step Act § 404(b)) (emphasis added). Section 404 does not benefit Mr. Johnson on Count One because, as stated, §§ 2 and 3 of the Fair Sentencing Act do not alter the penalties in 21 U.S.C. § 841(b)(1)(A)(ii) for powder-cocaine offenses. Even if the Fair Sentencing Act is applied, Mr. Johnson still would be subject to the minimum 5-year term of supervised release on Count One based solely on the powder-cocaine quantities.

Furthermore, Mr. Johnson's arguments do not overcome the statutory penalty for supervised release that applies in Count One to the charged threshold of 500 grams of powder cocaine to which he pleaded guilty. Significantly, Mr. Johnson did not have the benefit of the Eleventh Circuit's decision in *Denson* when he argued that he should receive a full resentencing hearing on all counts. *Denson* rejected this proposition. *See Denson*, 963 F.3d at 1089 ("[T]he First Step Act does not authorize the district court to conduct a plenary or *de novo* resentencing."). Mr. Johnson remains bound by his guilty plea to the charged offense in Count One that includes a conspiracy to distribute and to possess with intent to distribute more than 500

kilograms of cocaine powder. A sentence reduction as to the term of supervised release on Count One will be denied.

### III. CONCLUSION

Based on the foregoing, it is ORDERED as follows:

(1) Mr. Johnson's motion for a sentence reduction under the First Step Act (Doc. # 906) is DENIED as moot as to Mr. Johnson's term of imprisonment;

(2) The motion for a sentence reduction (Doc. # 906) is GRANTED as to Count Thirteen to the extent that the term of supervised release on Count Thirteen is reduced from 5 years to 4 years;

(3) The motion for a sentence reduction (Doc. # 906) is DENIED to the extent that Mr. Johnson requests a reduction in the term of supervised release on Count One; and

(4) All other provisions of the judgment imposed on January 22, 2008 (Doc. # 541), shall remain in effect.

An amended judgment will be entered separately.

DONE this 7th day of December, 2020.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE